IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

SEP 2 0 2024

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY



| | |
|---|---|
| RIKKIE GONZALEZ, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> TEXAS TAXPAYERS AND § <br> RESEARCH ASSOCIATION § <br> (TTRA), AND DOES 1-25, § <br> § <br> Defendants. § | CAUSE NO.: 1:24-cv-00880-DII |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Plaintiff, Rikkie Gonzalez ("Plaintiff"), by and through the undersigned counsel, and files this opposition to Defendant's Motion to Strike.

### I. INTRODUCTION

1. Defendant's Motion to Strike is a blatant and misguided attempt to evade substantive review of Plaintiff's legitimate claims. Defendant claims that Plaintiff's Response contains "non-existent" legal authority, that it was improperly generated using artificial intelligence (AI), and that it exceeds the page limit permitted by the Local Rules. Each of these arguments lacks merit and represents nothing more than a distraction from the core issues at the heart of this litigation.

### II. PLAINTIFF'S RESPONSE COMPLIES WITH RULE 11

2. The assertion that Plaintiff's Response violates Rule 11 of the Federal Rules of Civil Procedure is unfounded. Plaintiff acknowledges the importance of ensuring the accuracy of all citations presented to the Court. While Defendant claims that some cases cited in Plaintiff's Response may be non-existent or improperly cited, Plaintiff's counsel has diligently reviewed the

legal authority and cases cited in the Response. To the extent that any citation errors or misattributions exist, Plaintiff's counsel accepts responsibility and is committed to promptly correcting any such errors.

3. Legal citation errors, while unfortunate, are not uncommon and certainly do not warrant the draconian measure of striking an entire pleading. Any citation discrepancies in Plaintiff's Response were made inadvertently, not in bad faith, and do not reflect an intentional effort to mislead the Court. Plaintiff's counsel will submit corrected citations or an amended brief, if necessary, to ensure the Court has accurate legal support for all arguments raised.

4. It is important to emphasize that the core arguments in Plaintiff's Response remain well-grounded in recognized legal principles, regardless of any isolated citation issues. Citation errors, while regrettable, do not undermine the substance of Plaintiff's claims or her right to a fair adjudication of the issues. Courts have long recognized that citation mistakes do not, in themselves, constitute a basis for Rule 11 sanctions or for striking a pleading unless they are part of a pattern of intentional misconduct, which is clearly not the case here.

5. To the extent any inadvertent citation errors may exist—something which occurs in all forms of legal practice—they will be corrected promptly. However, such minor errors do not rise to the level of sanctionable conduct under Rule 11 and certainly do not justify striking the entire Response. Defendant's argument in this regard is hyperbolic, disingenuous, and lacks any meaningful legal basis.

6. Further, Defendant's reliance on speculative claims regarding the use of AI is a red herring. Plaintiff's counsel, in full compliance with their professional and ethical obligations, reviewed and verified the accuracy of all legal content contained in the Response. The mere suggestion that AI-generated text was used does not, in any way, implicate a violation of Rule 11. Defendant is grasping at straws to avoid addressing the substance of Plaintiff's claims.

7. Plaintiff respectfully requests the opportunity to correct any such errors, should the Court find it necessary, and to proceed on the merits of the arguments presented.

### III. PLAINTIFF SEEKS LEAVE FOR EXCESS PAGES, IF NECESSARY

8. Regarding the page limit issue, Plaintiff's Response exceeded the 20-page limit because of the complexity of the issues raised in Defendant's Motion to Dismiss. Plaintiff respectfully requests leave of the Court to file the extended Response, or in the alternative, that the Court allow the Response as filed. Plaintiff's counsel did not act in bad faith or with the intent to violate the Local Rules, but rather sought to fully address the significant legal and factual issues presented by Defendant.

9. Defendant's Motion to Dismiss is an expansive and complex motion that required a thorough and robust response. Limiting Plaintiff's response to 20 pages would have unfairly constrained Plaintiff's ability to address the many issues raised by Defendant. Plaintiff respectfully submits that the interests of justice favor allowing the Response to stand as filed or granting leave for the additional pages.

### IV. DEFENDANT'S MOTION SHOULD BE DENIED

10. Defendant's Motion to Strike is nothing more than an effort to avoid engaging with the substantive arguments Plaintiff has raised. Defendant's baseless accusations and technical nitpicking should not distract the Court from the legitimate legal issues in this case.

11. For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Strike in its entirety and allow Plaintiff's Response to Defendant's Motion to Dismiss to stand as filed. In the alternative, Plaintiff seeks leave of the Court to amend her Response to correct any minor citation errors and to file an extended brief.

### V. PRAYER

WHEREFORE, Plaintiff prays that this Honorable Court DENY Defendant's Motion to

Strike, GRANT leave to file an extended response if necessary, and award any further relief the Court deems just and proper.

Respectfully submitted,

**John L. Pittman III, Esq., LLM2 – 24127922**
info@jp3law.com
**John L. Pittman III | Attorney At Law, APC**
925 B. Street, Suite 604
San Diego, CA 92101
Direct Office (760) 575-4040
Fax (877) 757-5264

# CERTIFICATE OF CONFERENCE

The Defendant contacted Plaintiff's counsel on September 10, 2024, while our lead counsel was in transit on a plane, requesting yet another extension. Plaintiff has already granted multiple extensions to the Defendant throughout this process in good faith. Despite these accommodations, Defendant has consistently taken actions contrary to the agreements made during our communications. The Defendant's pattern of conduct, including filing documents in a manner that conflicts with prior discussions, demonstrates a lack of good faith throughout these proceedings. Plaintiff has cooperated fully, while the Defendant has not reciprocated with the same level of integrity or adherence to agreed-upon terms.

Defendant claims that they notified us of their intent to file, but only after their filing had been completed. Plaintiff received the filing email before any advance notification, further highlighting the Defendant's disregard for procedural fairness.

/s/ John L. Pittman III

**John L. Pittman III**

# CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2024, I delivered in physical form to the Clerk's dropbox at the courthouse. And served such filing via email to the following:

**Laura E. De Santos**
**ATTORNEY IN CHARGE**
SBN: 00793612
ldesantos@grsm.com
Hayley D. Friedman
SBN: 24123253
hdfriedman@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
1900 West Loop South, Suite 1000
Houston, TX 77027
Telephone: (713) 961-3366
Facsimile: (713) 961-3938
**ATTORNEY FOR DEFENDANT, TEXAS TAXPAYER AND RESEARCH ASSOCIATION**

/s/ John L. Pittman III

**John L. Pittman III**

Extremely Urgent

This envelope is for use with the following services:

UPS Next Day Air®
UPS Worldwide Express®
UPS 2nd Day Air®

Do not use this envelope for:

UPS Ground
UPS Standard
UPS 3 Day Select®
UPS Worldwide Expedited®

Apply shipping documents on this side

Serving you for more than 100 years
United Parcel Service.

01019511212  1/15  YG  United Parcel Service

JOHN PITTMAN III, ESQ
(312) 833-0068
THE UPS STORE #6012
1041 MARKET ST
SAN DIEGO CA 92101-7233

0.7 LBS LTR 1 OF 1
SHP WT: 1 LBS
DATE: 19 SEP 2024

SHIP CASE FILINGS DROP BOX
TO: (312) 833-0068
UNITED STATES DISTRICT COURT
STE 1100
501 W 5TH ST
AUSTIN TX 78701-3812

TX 787 9-09

UPS NEXT DAY AIR                    1
TRACKING #: 1Z 764 7Y1 01 7023 6495

BILLING: P/P
DIRECT DELIVERY ONLY
UPS CARBON NEUTRAL SHIPMENT

REF #1: PITTMAN
REF #2: 919248135G SS

ISH 13.00F BIKOLON S 34.5U 08/2024

Visit ups.com® or call 1-800-PICK-UPS® (1-800-742-5877)
to schedule a pickup or find a drop off location near you.

Domestic Shipments
- To qualify for the Letter rate, UPS Express Envelope correspondence, urgent documents, and/or electronic media those listed or weighing more than 8 oz. will be billed

International Shipments
- The UPS Express Envelope may be used only for documents value. Certain countries consider electronic media a ups.com/importexport to verify if your shipment is
- To qualify for the Letter rate, the UPS Express Envelope UPS Express Envelopes weighing more than 8 oz. will

Note: Express Envelopes are not recommended for shipments containing sensitive personal information or breakable or cash equivalent.

Reusable Express E
Legal Size

Reduce paper waste by using this envelope either to return to sender or to ship to another. See reuse instructions on flap above.

Decision
Decision Gr  UNITED STATES DISTRICT COURT
our pursuit  501 W 5TH ST STE 1100
For examp   AUSTIN TX 78701
material :  P:PINK1   S:YELL03   I:103
            111 - 1035         1030
            1Z7647Y1017023 8495
                     SEP 20 04:35:11 2024

International Shipping Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.