IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| RIKKIE GONZALEZ, | § |  |
| --- | --- | --- |
| Plaintiff, | § | |
| v. | § | CAUSE NO.: 1:24-cv-00880-DII |
| TEXAS TAXPAYERS AND RESEARCH ASSOCIATION (TTRA), AND DOES 1-25, | § | |
| Defendants. | § | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SURREPLY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Plaintiff, Rikkie Gonzalez ("Plaintiff"), by and through the undersigned counsel, and files this opposition to Defendant's Motion to Strike.

### I. Introduction

1. Plaintiff respectfully opposes Defendant's Motion to Strike on the grounds that it is legally baseless and represents a clear pattern of **bad faith litigation tactics**. Defendant's reliance on **Local Rule CV-7(f)(1)**—which does not exist [Exhibit 1]—is a transparent attempt to weaponize procedural rules in order to prevent a fair adjudication on the merits. This is not the first time Defendant has engaged in such gamesmanship, and the Court should not hesitate to put an end to these practices.

### II. Plaintiff's Reply Was Proper Under the Actual Rule—Local Rule CV-7(e)(1)

2. The Western District of Texas's **Local Rule CV-7(e)(1)** expressly allows a party to file a reply in support of their motion or opposition, stating.

"A party may file a reply in support of a motion. Absent leave of court, no further

submissions on the motion are allowed" [24].

3.  Plaintiff's filing is not a "Sur-Reply" in violation of any rules but rather a permissible reply in support of Plaintiff's Opposition to Defendant's Motion to Dismiss. Defendant's assertion that this filing is improper is predicated on a **fictional rule**. Misrepresenting the Court's procedural rules in this manner is reckless at best, and an example of bad faith at worst.

### III. Courts Regularly Reject Motions Based on Misrepresented or Non-Existent Rules

4.  Federal courts do not look kindly upon parties that attempt to manipulate procedural rules for strategic gain. In *Smith v. Wright*, No. 1:2020cv03389 (D.D.C. 2021), the court denied a similar motion that was based on misstatements of the law, stating that **repeated misrepresentations of procedural rules waste judicial resources and burden the opposing party unnecessarily** [12]. Here, Defendant's reliance on a non-existent rule falls into the same category and should be viewed as part of a broader pattern of bad faith.

5.  Defendant's conduct is a flagrant abuse of the litigation process, and the Court should not hesitate to send a clear message that such behavior will not be tolerated.

### IV. Defendant's Motion is a Continuation of Their Bad Faith Litigation Practices

6.  This is not an isolated incident. Defendant has consistently relied on hyper-technical objections and misrepresentations of procedural rules to distract from the merits of the case. This pattern of behavior is the hallmark of bad faith litigation. In *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021), the Fifth Circuit noted that courts should **exercise their discretion to prevent parties from engaging in procedural gamesmanship that obstructs the judicial process**. The Court has the inherent authority to address these tactics by denying Defendant's motion and warning against future abuses.

### V. Even If the Correct Rule Were Cited, Plaintiff's Filing is Permitted

7.  Even assuming Defendant correctly cited **Local Rule CV-7(e)(1)**, their motion would still

fail. The rule allows parties to file a reply in support of their position—whether that position is in favor of or against a motion. Plaintiff's reply is exactly that: a response in support of Plaintiff's own opposition brief to clarify points misrepresented by Defendant in their Reply. The Court should not indulge Defendant's attempt to reframe this straightforward and permissible filing as something inappropriate

**V. Conclusion**

8.  Defendant's Motion to Strike is not just legally flawed—it is part of a deliberate pattern of using fabricated procedural objections to block the fair resolution of the case. Plaintiff respectfully requests that the Court deny Defendant's Motion to Strike and consider admonishing Defendant for their continued misrepresentation of procedural rules in a bad faith effort to gain an unfair advantage.

Respectfully submitted,

**John L. Pittman III, Esq., LLM2 – 24127922**
info@jp3law.com
**John L. Pittman III | Attorney At Law, APC**
925 B. Street, Suite 604
San Diego, CA 92101
Direct Office (760) 575-4040
Fax (877) 757-5264

**CERTIFICATE OF CONFERENCE**

I, John L. Pittman III, counsel for Rikkie Gonzalez, certify that on October 6, 2024, I contacted counsel for Defendant, Texas Taxpayers and Research Association, to confer regarding Plaintiff's Opposition to Defendant's Motion to Strike Plaintiff's Surreply.

**CERTIFICATE OF SERVICE**

I, John L. Pittman III, hereby certify that on this 8th of October 2024, although all documentation

has been submitted for admittance both pro hac vice and full admittance to the United States District Court for the Western District of Texas, PACER is still not permitting me to electronically file into this case. As a result, the attached papers have been submitted to the Clerk of the Court's physical drop box via overnight mail. Additionally, the associated papers have been served upon opposing counsel via email at the following address:

**Laura E. De Santos**
**ATTORNEY IN CHARGE**
SBN: 00793612
ldesantos@grsm.com
**Hayley D. Friedman**
SBN: 24123253
hdfriedman@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
1900 West Loop South, Suite 1000
Houston, TX 77027
Telephone: (713) 961-3366
Facsimile: (713) 961-3938
**ATTORNEY FOR DEFENDANT,**
**TEXAS TAXPAYER AND RESEARCH**
**ASSOCIATION**

*/s/ John L. Pittman III*
John L. Pittman III

# EXHIBIT 1

***

# EXHIBIT 1

# RULE CV-7. PLEADINGS ALLOWED; FORM OF MOTIONS

**(a) Generally.** Unless made during a hearing or trial, a pleading, motion, or other submission must meet the requirements of Rule CV-10.

**(b) Leave to File.** When a motion for leave to file a pleading, motion, or other submission is required, an executed copy of the proposed pleading, motion, or other submission shall be filed as an exhibit to the motion for leave. Unless otherwise ordered, if the motion for leave is granted, the clerk shall promptly file the pleading, motion, or other submission. After leave is granted, any applicable time limits triggered by the pleading, motion, or other submission shall run from the filing of the pleading, motion, or other submission by the clerk or otherwise.

**(c) Motions.**

(1) Generally. Any legal authority in support of a motion must be cited in the motion, and not in a separate brief. An appendix may be filed with the motion specifying any factual basis relied upon. If filed, the appendix must include all affidavits, deposition transcripts, or other documents supporting the relied upon facts. All motions must state the grounds therefor and cite any applicable rule, statute, or other authority justifying the relief sought.

(2) Page Limits. Unless otherwise authorized by the court, discovery and case management motions are limited to 10 pages, and other motions are limited to 20 pages. These page limits are exclusive of the caption, the signature block, any certificate, and any accompanying documents.

**(d) Responses.**

(1) Generally. Any party opposing a motion shall file a response and supporting documents as are then available. The response must contain a concise statement of the reasons for opposition to the motion and citations of the legal authorities on which the party relies.

(2) Time Limits. A response to a discovery or case management motion shall be filed not later than 7 days after the filing of the motion. A response to other motions shall be filed not later than 14 days after the filing of the motion, except as provided by Rule CV-15. If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed.

(3) Page Limits. Unless otherwise authorized by the court, a response to a discovery or case management motion is limited to 10 pages and a response to other motions is limited to 20 pages. These page limits are exclusive of the caption, the signature block, any certificate, and any accompanying documents.

**(e) Replies.**

(1) Generally. A party may file a reply in support of a motion. Absent leave of court, no further submissions on the motion are allowed.

(2) Time Limit. A reply in support of a motion shall be filed not later than 7 days after the filing of the response to the motion. The court need not wait for a reply before ruling on a motion.

(3) Page Limits. Unless otherwise authorized by the court, a reply in support of a discovery or case management motion is limited to 5 pages and a reply in support of other motions is limited to 10 pages. These page limits are exclusive of the caption, the signature block, any certificate, and any accompanying documents.

**(f)** **Proposed Orders.** A proposed order is required for all discovery and case management motions.

**(g)** **Conference Required.** The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made. If there is any ambiguity about whether a motion is dispositive or nondispositive, the parties should confer. Movants are encouraged to indicate in the title of the motion whether the motion is opposed. A motion is unopposed only if there has been an actual conference with opposing counsel and there is no opposition to any of the relief requested in the motion.