# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **RIKKIE GONZALEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civ. Action No. 1:24-cv-00880-DII |
| | § | |
| **TEXAS TAXPAYERS AND RESEARCH ASSOCIATION,** | § § § | |
| | § | |
| **Defendant.** | § | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **ANGELA DOWELL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civ. Action No. 1:24-cv-00908-RP |
| | § | |
| **TEXAS TAXPAYERS AND RESEARCH ASSOCIATION,** | § § § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND AFFIDAVIT OF FEES AND COSTS

After a review of the Plaintiff's Response to Order to Show Cause, which was provided to Defendant at the hearing on October 22, 2023, Defendant is compelled to address the misplaced accusations, along with the filing of its Affidavit of Fees and Costs.

**A.      Pittman attempts to avoid sanctions by making false and unsupported accusations.**

Plaintiff's counsel, John Pittman ("Pittman"), makes a number of false and unsupported allegations in his Response to Order to Show Cause Why Sanctions Should Not Be Imposed

(Plaintiff's "Response to Show Cause Order").  Dkt. 21 (Gonzales); Dkt. 18 (Dowell).  For example, he states "[o]n multiple occasions, defense counsel requested extensions of time to respond or file motions, each time representing that they were working towards a potential settlement." Dkt. 21, p. 2; Dkt. 18, p. 2.  Defendant requested only one extension to file its reply in support of its motion to dismiss.  *See* Dkt. 8 (Gonzalez); Dkt. 5 (Dowell).  Pittman further falsely represents he and defense counsel were operating under some sort of unspoken and undocumented agreement that defense counsel would not pursue dismissal or file its motions to strike provided the Parties continued working towards a settlement.  This allegation is entirely false.  Defendant remained willing to, and in fact continued settlement negotiations in the Civil Action No. 1:24-cv-00908-RP, *Angela Dowell v. Texas Taxpayers and Research Association*, but defense counsel did not (and would not) agree to waive its ability to seek dismissal or pursue a motion to strike or to request any further relief to which defense counsel believed its client is entitled.

Pittman attaches e-mails between himself and counsel for Defendant Laura De Santos discussing the settlement of **other lawsuits with different parties.**  Not only are such e-mails entirely unrelated to this case, the e-mails demonstrate Pittman has made a habit of lobbing unwarranted criticism when opposing counsel and defendants refuse to adhere to his timetable.  Such criticism or insults is not only unprofessional, but beneath the honorable profession of lawyers advocating for clients.

**B.**     **Pittman's use of AI warrants the award of sanctions.**

Pittman attempts to avoid sanctions and excuse the inclusion of "incorrect citations" by shifting blame to his assistants, claiming they failed to correctly link the citations to the corresponding legal proposition and then used a citation generator (i.e., AI) to find the "cases" Pittman wanted them to use.  It is unclear how this absolves Pittman of responsibility under FRCP

11 or demonstrates why sanctions should not be imposed. There also seems to be no explanation for how entirely fabricated citations appeared in his brief.

Implicitly acknowledging his failure to support his opposition to dismissal with legitimate legal authorities, Pittman proffers *new* case law to be used in place of his false citations. Pittman should not be permitted to introduce new case law in his Response to Show Cause Order. This unfairly prejudices Defendant by depriving it the opportunity to mount a defense to *real* cases.

## **CONCLUSION**

Defendant requests that the Court disregard Plaintiff's Response to Show Cause Order and award sanctions per its Show Cause Order. Defendant attaches to this filing an Affidavit attesting to the attorney's fees and costs incurred in preparing Defendant's Motion to Strike and addressing the deficiencies (presumably generated by AI) in Plaintiff's Opposition to Defendant's Motion to Dismiss in both of the above captioned matters.

Respectfully submitted,

*/s/ Laura E. De Santos*
**Laura E. De Santos**
**ATTORNEY IN CHARGE**
SBN: 00793612
ldesantos@grsm.com
**Hayley D. Friedman**
SBN: 24123253
hdfriedman@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
1900 West Loop South, Suite 1000
Houston, TX 77027
Telephone: (713) 961-3366
Facsimile: (713) 961-3938
**ATTORNEY FOR DEFENDANT,
TEXAS TAXPAYER AND RESEARCH
ASSOCIATION**

## **CERTIFICATE OF SERVICE**

       I hereby certify that on October 24, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served such filing via email to the following:

John L. Pittman III, Esq., LLM
JOHN L. PITTMAN III, ATTORNEY AT LAW, APC
925 B Street, Suite 604
San Diego, California 92101
Direct: (760) 575-4040
Facsimile: (877) 575-5264
Email: jlpittmaniii@jp3law.com

                                          */s/ Laura E. De Santos*
                                          **Laura E. De Santos**