IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RIKKIE GONZALEZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:24-CV-880-RP |
| TEXAS TAXPAYERS AND RESEARCH ASSOCIATION, | § § § § | |
| Defendant. | § § | |

**ORDER**

On October 22, 2024, the Court held a hearing in this case to determine whether to impose sanctions on Plaintiff's counsel, John L. Pittman III ("Pittman"), for the conduct described in Defendant Texas Taxpayers and Research Association's ("TTRA") Motion to Strike Plaintiff's Response to Defendant's Motion to Dismiss, (Mot. to Strike, Dkts. 10; Mot. Dismiss, Dkt. 5). (Minute Entry, Dkt. 20). Also before the Court is Defendant Texas Taxpayers and Research Association's ("TTRA") Motion to Strike Plaintiff's Sur-Reply, (Dkt. 13). At the hearing, the Court heard testimony from Pittman as well as argument from counsel for TTRA. (Minute Entry, Dkt. 20).

TTRA argued that Pittman's Response to TTRA's Motion to Dismiss included (1) cases that do not exist, (2) miscited cases, and (3) cases that were real but stood for different legal propositions from what Pittman represented. (Minute Entry, Dkt. 20; Mot. to Strike, Dkt. 10). TTRA also contended that Pittman's Response exhibited the hallmarks of a brief generated by artificial intelligence (AI). (*Id.*).

Pittman initially denied that he used AI to assist with drafting. (Minute Entry, Dkt. 20). However, he later admitted that he used Lexis Nexis's AI citation generator. (*Id.*). He attributed most of the errors in the brief to clerical and administrative mistakes that occurred when his support

1

staff transposed his notes into the final brief to be sent to the Court. (*Id.*). Specifically, he claimed that certain citations were placed in the wrong paragraphs, while others were assigned to the wrong cases. (*Id.*). He alleged that these errors were not malicious. (*Id.*).

The Court may draw on a number of authorities when deciding whether to impose sanctions. First, it may impose sanctions as a valid exercise of its inherent power. *Chambers v. NASCO*, 501 U.S. 32, 46–51 (1991); *see also F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 585 (5th Cir. 2008) (quoting *Natural Gas Pipeline Co. v. Energy Gathering,* 2 F.3d 1397, 1410 (5th Cir. 1993)) (a "party's 'evasiveness and intransigence' in disobeying court orders 'justifie[s] sanctions' under a court's inherent power"); *see generally Conner v. Travis Cnty.*, 209 F.3d 794, 800 (5th Cir. 2000) ("The purpose of a court's sanctioning power is to enable it to ensure its own proper functioning."). Second, Fifth Circuit law permits district courts to impose "'petty fines" as noncompensatory sanctions in a "summary manner." *Crowe v. Smith*, 151 F.3d 217, 228 (5th Cir. 1998); *see also Miller v. City of Los Angeles*, 661 F.3d 1024, 1030 (9th Cir. 2011) (citing *Crowe*, 151 F.3d at 227–29) (small noncompensatory sanctions do not require "procedures applicable to criminal cases"). Third, the Court may look to statutory authority if "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court" are involved. *Edwards v. General Motors Corp.,* 153 F.3d 242, 246 (5th Cir. 1998); 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). Fourth, the Court may also impose sanctions for "fail[ing] to obey a scheduling or other pretrial order" under Federal Rule of Civil Procedure 16(f)(1).

After considering the record in this case, the arguments made at the hearing, and the relevant law, the Court deems it an appropriate exercise of its inherent power to levy a monetary sanction on Pittman equal to TTRA's expenses and costs associated with preparing its Motion to Strike, (Mot. to

2

Strike, Dkt. 10), and addressing related matters. At a minimum—regardless of whether his mistakes were due to AI or administrative errors—Pittman submitted a brief that contained an abundance of technical and substantive errors that inhibited TTRA's ability to efficiently reply to his Response. For example, Pittman cites *Bloomberg L.P. v. Bd. of Govs. of the Fed. Reserve Sys.*, 649 F. 3d 651, 657 (D.C. Cir. 2011), *Hogan v. AT&T, Inc.*, 917 F. Supp. 1275, 1280 (S.D. Tex. 1994), and *Head v. Chicora Life Ctr., LLC*, 290 F. Supp. 3d 883, 893 (S.D. Tex. 2018), which do not exist. (*See* Resp., Dkt. 6, at 13,, 17, 22). He also references cases with different citations and unrelated propositions for which he cites, including:

- *Cruz v. Aramark Servs., Inc.*, 213 F. Supp. 2d 135, 139 (D.P.R. 2002), representing the holding as "denying a motion to dismiss based on numerosity and holding that the determination of whether the employer meets the statutory threshold requires factual development." (*Id.*, Dkt. 6, at 8). The Court located one case captioned *Cruz v. Aramark*, but it was in a different reporter, by a different court, and a later year. And that case does not address the numerosity requirement in Title VII or TCHRA.

- *TIG Ins. Co. v. Carter*, 640 S.W. 2d 232, 237 (Tex. 1982), representing that the court "held that a plaintiff's allegations of defamatory statements made during business meetings and in internal company communications were sufficient to state a claim, even though the plaintiff could not provide the exact wording of the statements at the pleading stage." The Court could not locate a case entitled *TIG Ins. Co. v. Carter*, and the case at 640 S.W. 2d 232 is a wrongful foreclosure case captioned *Ogden v. Gibraltar Savings Association*.

Pittman also misrepresented his use of AI to the Court when he first denied using it, then admitted that he had relied on an AI citation generator. The Court finds that this behavior warrants granting TTRA's Motion to Strike Plaintiff's Response to Defendant's Motion to Dismiss, (Dkt. 10), and imposing sanctions.

Accordingly, **IT IS ORDERED** that TTRA's Motion to Strike, (Dkt. 10), is **GRANTED**. Plaintiff's response, (Dkt. 6), to the motion to dismiss is **STRICKEN**.

**IT IS FURTHER ORDERED** that Pittman shall pay TTRA's counsel attorney's fees of $3,852.50 and costs of $108.54, (Dkt. 23-1), on or before **February 13, 2025**. Pittman shall file a status report with the Court confirming the payment also on or before **February 13, 2025**.

3

**IT IS FURTHER ORDERED** that TTRA's Motion to Strike Plaintiff's Sur-Reply, (Dkt. 13), is **GRANTED IN PART AND DENIED IN PART**.[1]

**SIGNED** on January 29, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[1] Although Pittman did not file a motion for leave to file a sur-reply to Defendant's Motion to Dismiss, (Dkt. 4), the Court considered Pittman's defenses to the Motion to Strike in deciding whether to award sanctions. However, the Court will not consider the sur-reply in deciding the motion to dismiss even though the sur-reply will remain on the docket.