IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| RIKKIE GONZALEZ, | § § § § § § § § § § § § § | |
| PLAINTIFF | | |
| v. | | |
| | | Civ. Action No. 1:24-cv-00880-DII |
| TEXAS TAXPAYERS AND RESEARCH ASSOCIATION, | | |
| DEFENDANT | | |

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| ANGELA DOWELL, | § § § § § § § § § § § § § | |
| PLAINTIFF | | |
| v. | | |
| | | Civ. Action No. 1:24-cv-00908-RP |
| TEXAS TAXPAYERS AND RESEARCH ASSOCIATION, | | |
| DEFENDANT | | |

### DECLARATION OF JOHN PITTMAN III

1. I am a Licensed Attorney authorized to practice law in the states of New York, Texas, and District of Columbia. In addition, I am also a Provisionally Licensed Lawyer authorized to practice law under the supervision of Saman Nasseri, before all courts of the State of California.

1

2. I have personal knowledge of the facts in this declaration and if called as a witness could and would competently testify thereto.

3. The order that is provided in this case as Docket item number 29 as an order is a duplicative filing that was previously provided in case number 1:24-cv-00908-RP, and listed as Docket item number 21.

4. These two cases were heard together at the same time and the declaration of costs provided by Defense counsel was calculated and included in the Docket 21 on the 1:24-cv-00908-RP case. Status was also provided on that case, appearing as Docket item #22.

5. This order is therefore duplicative and does not reflect that the correct amount or that it was a combined number for both cases involved.

6. Attached please find:

    a. Exhibit 1: Previously provided order from 1:24-cv-00908-RP

    b. Exhibit 2: Previously provided status notice.

    c. Exhibit 3: Copy of the Check provided

7. The cashier's check in the amount of $4,064.04, was sent to Laura De Santos' office at Gordon Rees Scully Mansukhani, 1900 West Loop South, Suite 1000, Houston, TX 77027, with USPS tracking number EI347152523US.

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct.

Executed on November 12, 2024, at San Diego, California.

DATED: November 12, 2024

**JOHN L. PITTMAN III | ATTORNEY AT LAW, APC**
/s/ John L. Pittman III
John L. Pittman III, Esq., LLM[2]
District of Columbia (1742578),
New York (5880646) and Texas (24127922)
Provisionally Licensed in California (PL482988)
Attorney for Plaintiffs Rikkie Gonzalez and Angela Dowell

2

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served such filing via email to the following:

**Laura E. De Santos**
**ATTORNEY IN CHARGE**
SBN: 00793612
ldesantos@grsm.com
Hayley D. Friedman
SBN: 24123253
hdfriedman@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
1900 West Loop South, Suite 1000
Houston, TX 77027
Telephone: (713) 961-3366
Facsimile: (713) 961-3938
**ATTORNEY FOR DEFENDANT, TEXAS TAXPAYER AND RESEARCH ASSOCIATION**

*/s/ John L. Pittman III*
**John L. Pittman III**

# EXHIBIT 1

# \*\*\*

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANGELA DOWELL, | § § | |
| Plaintiff, | § § | |
| v. | § § | 1:24-CV-908-RP |
| TEXAS TAXPAYERS AND RESEARCH ASSOCIATION and DOES 1-25 INCLUSIVE, | § § § § | |
| Defendants. | § § | |

**ORDER**

On October 22, 2024, the Court held a hearing in this case to determine whether to impose sanctions on Plaintiff's counsel, John L. Pittman III ("Pittman"), for the conduct described in Defendant Texas Taxpayers and Research Association's ("TTRA") Motion to Strike Plaintiff's Response to Defendant's Motion to Dismiss, (Mot. to Strike, Dkt. 8; Mot. Dismiss, Dkt. 4). (Minute Entry, Dkt. 17). Also before the Court is Defendant Texas Taxpayers and Research Association's ("TTRA") Motion to Strike Plaintiff's Sur-Reply, (Dkt. 10). At the hearing, the Court heard testimony from Pittman as well as argument from counsel for TTRA. (Minute Entry, Dkt. 17).

TTRA argued that Pittman's Response to TTRA's Motion to Dismiss included (1) cases that do not exist, (2) miscited cases, and (3) cases that were real but stood for different legal propositions from what Pittman represented. (Minute Entry, Dkt. 17; Mot. to Strike, Dkt. 8). TTRA also contended that Pittman's Response exhibited the hallmarks of a brief generated by artificial intelligence (AI). (*Id.*).

Pittman initially denied that he used AI to assist with drafting. (Minute Entry, Dkt. 17). However, he later admitted that he used Lexis Nexis's AI citation generator. (*Id.*). He attributed most of the errors in the brief to clerical and administrative mistakes that occurred when his support

1

staff transposed his notes into the final brief to be sent to the Court. (*Id.*). Specifically, he claimed that certain citations were placed in the wrong paragraphs, while others were assigned to the wrong cases. (*Id.*). He alleged that these errors were not malicious. (*Id.*).

The Court may draw on a number of authorities when deciding whether to impose sanctions. First, it may impose sanctions as a valid exercise of its inherent power. *Chambers v. NASCO*, 501 U.S. 32, 46–51 (1991); *see also F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 585 (5th Cir. 2008) (quoting *Natural Gas Pipeline Co. v. Energy Gathering,* 2 F.3d 1397, 1410 (5th Cir. 1993)) (a "party's 'evasiveness and intransigence' in disobeying court orders 'justifie[s] sanctions' under a court's inherent power"); *see generally Conner v. Travis Cnty.*, 209 F.3d 794, 800 (5th Cir. 2000) ("The purpose of a court's sanctioning power is to enable it to ensure its own proper functioning."). Second, Fifth Circuit law permits district courts to impose "'petty fines" as noncompensatory sanctions in a "summary manner." *Crowe v. Smith*, 151 F.3d 217, 228 (5th Cir. 1998); *see also Miller v. City of Los Angeles*, 661 F.3d 1024, 1030 (9th Cir. 2011) (citing *Crowe*, 151 F.3d at 227–29) (small noncompensatory sanctions do not require "procedures applicable to criminal cases"). Third, the Court may look to statutory authority if "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court" are involved. *Edwards v. General Motors Corp.,* 153 F.3d 242, 246 (5th Cir. 1998); 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). Fourth, the Court may also impose sanctions for "fail[ing] to obey a scheduling or other pretrial order" under Federal Rule of Civil Procedure 16(f)(1).

After considering the record in this case, the arguments made at the hearing, and the relevant law, the Court deems it an appropriate exercise of its inherent power to levy a monetary sanction on Pittman equal to TTRA's expenses and costs associated with preparing its Motion to Strike, (Mot. to

2

Strike, Dkt. 8), and addressing related matters. At a minimum—regardless of whether his mistakes were due to AI or administrative errors—Pittman submitted a brief that contained an abundance of technical and substantive errors that inhibited TTRA's ability to efficiently reply to his Response. For example, Pittman cites *Bloomberg L.P. v. Bd. of Govs. of the Fed. Reserve Sys.*, 649 F. 3d 651, 657 (D.C. Cir. 2011), *Hogan v. AT&T, Inc.*, 917 F. Supp. 1275, 1280 (S.D. Tex. 1994), and *Head v. Chicora Life Ctr., LLC*, 290 F. Supp. 3d 883, 893 (S.D. Tex. 2018), which do not exist. (*See* Resp., Dkt. 6, at 14, 17, 28). He also references cases with different citations and unrelated propositions for which he cites, including:

- *Cruz v. Aramark Servs., Inc.*, 213 F. Supp. 2d 135, 139 (D.P.R. 2002), representing the holding as "denying a motion to dismiss based on numerosity and holding that the determination of whether the employer meets the statutory threshold requires factual development." (*Id.*, Dkt. 6, at 8). The Court located one case captioned *Cruz v. Aramark*, but it was in a different reporter, by a different court, and a later year. And that case does not address the numerosity requirement in Title VII or TCHRA.
- *TIG Ins. Co. v. Carter*, 640 S.W. 2d 232, 237 (Tex. 1982), representing that the court "held that a plaintiff's allegations of defamatory statements made during business meetings and in internal company communications were sufficient to state a claim, even though the plaintiff could not provide the exact wording of the statements at the pleading stage." The Court could not locate a case entitled *TIG Ins. Co. v. Carter*, and the case at 640 S.W. 2d 232 is a wrongful foreclosure case captioned *Ogden v. Gibraltar Savings Association*.

Pittman also misrepresented his use of AI to the Court when he first denied using it, then admitted that he had relied on an AI citation generator. The Court finds that this behavior warrants granting TTRA's Motion to Strike Plaintiff's Response to Defendant's Motion to Dismiss, (Dkt. 8), and imposing sanctions.

Accordingly, **IT IS ORDERED** that TTRA's Motion to Strike, (Dkt. 8), is **GRANTED**. Plaintiff Angela Dowell's response, (Dkt. 6), to the motion to dismiss is **STRICKEN**. **IT IS FURTHER ORDERED** that Pittman shall pay TTRA's counsel attorney's fees of $3,937.50 and costs of $108.54, (Dkt. 20-1), on or before **November 14, 2024**. Pittman shall file a status report with the Court confirming the payment also on or before **November 14, 2024**. **IT IS FURTHER**

3

**ORDERED** that TTRA's Motion to Strike Plaintiff's Sur-Reply, (Dkt. 10), is **GRANTED IN PART AND DENIED IN PART**.[1]

**SIGNED** on October 31, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[1] Although Pittman did not file a motion for leave to file a sur-reply to Defendant's Motion to Dismiss, (Dkt. 4), the Court considered Pittman's defenses to the Motion to Strike in deciding whether to award sanctions. However, the Court will not consider the sur-reply in deciding the motion to dismiss even though the sur-reply will remain on the docket.

# EXHIBIT 2

∗ ∗ ∗

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| RIKKIE GONZALEZ, | § § § | |
| PLAINTIFF | § § | |
| v. | § § § | |
| | § | Civ. Action No. 1:24-cv-00880-DII |
| TEXAS TAXPAYERS AND RESEARCH ASSOCIATION, | § § § § | |
| DEFENDANT | § § | |

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| ANGELA DOWELL, | § § § | |
| PLAINTIFF | § § | |
| v. | § § § | |
| | § | Civ. Action No. 1:24-cv-00908-RP |
| TEXAS TAXPAYERS AND RESEARCH ASSOCIATION, | § § § § | |
| DEFENDANT | § § | |

## DECLARATION OF JOHN PITTMAN III

1. I am a Licensed Attorney authorized to practice law in the states of New York, Texas, and District of Columbia. In addition, I am also a Provisionally Licensed Lawyer authorized to practice law under the supervision of Saman Nasseri, before all courts of the State of California.

1

2. I have personal knowledge of the facts in this declaration and if called as a witness could and would competently testify thereto.

3. Opposing counsel has identified that she served me the declaration of costs via email. However, I did not receive any such email. After reviewing the court's website, I found that the information had been posted there, but no email was sent to either of my office's emails. The last email I received from Defense Counsel's office on Ms. Dowell's case was on October 14, 2024 at 5:29pm.

4. The cashier's check in the amount of $4,064.04, was sent to Laura De Santos' office at Gordon Rees Scully Mansukhani, 1900 West Loop South, Suite 1000, Houston, TX 77027, with USPS tracking number EI347152523US.

5. Additionally, although Angela Dowell's case has been resolved, and confirmed on the record at both of the last two hearings by both counsels on October 15, 2024, and again October 22, 2024; to this date, Defendant's counsel has not provided the agreement paperwork to my office for execution by Plaintiff.

6. This failure to provide the necessary documentation is consistent with the broader pattern of what communications we have been receiving from Defendant's counsel as identified in my previous filing.

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct.

Executed on November 12, 2024, at San Diego, California.

DATED: November 12, 2024

**JOHN L. PITTMAN III | ATTORNEY AT LAW, APC**
/s/ John L. Pittman III
John L. Pittman III, Esq., LLM[2]
District of Columbia (1742578),
New York (5880646) and Texas (24127922)
Provisionally Licensed in California (PL482988)
Attorney for Plaintiffs Rikkie Gonzalez and Angela Dowell

2

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served such filing via email to the following:

**Laura E. De Santos**
**ATTORNEY IN CHARGE**
SBN: 00793612
ldesantos@grsm.com
Hayley D. Friedman
SBN: 24123253
hdfriedman@grsm.com
**GORDON REES SCULLY**
**MANSUKHANI, LLP**
1900 West Loop South, Suite 1000
Houston, TX 77027
Telephone: (713) 961-3366
Facsimile: (713) 961-3938
**ATTORNEY FOR DEFENDANT,**
**TEXAS TAXPAYER AND**
**RESEARCH**
**ASSOCIATION**

> */s/ John L. Pittman III*
> **John L. Pittman III**

# EXHIBIT 3

∗∗∗

# EXHIBIT 3

## IMPORTANT - Please Read

Outstanding cashier's checks are subject to state or territorial unclaimed property laws.

If the cashier's check is lost, stolen, or destroyed, you may request a stop payment and reissuance. A stop payment and reissuance can only be completed within a branch location. As a condition of stop payment and reissuance, Wells Fargo Bank will require an indemnity agreement. In addition, for cashier's checks over $1,000.00, the waiting period before the stop payment and reissuance of an outstanding cashier's check may be processed is 90 days (30 days in the state of Wisconsin and 91 days in the state of New York). The waiting period can be avoided with the purchase of an acceptable surety bond. This can be purchased through Wells Fargo's approved insurance carrier or through an insurance carrier of the customer's choice. The cost of a surety bond varies depending on the amount of the bond and the insurer used. Surety bonds are subject to the insurance carrier's underwriting requirements before issuance. If the surety bond is not provided, the waiting period applies.

Purchaser Copy - Page 2 of 2

### CASHIER'S CHECK

| | |
|---|---|
| 0000730 — Office AU # | 11-24 — 1210(8) |

Remitter: DR. JOHN L. PITTMAN III
Purchaser: JOHN PITTMAN
Purchaser Account: xxxxxx7734
Operator I.D.: k122537
Funding Source: Paper Item(s)

PAY TO THE ORDER OF   ***GORDON REES SCULLY MANSUKHANI***

**Four Thousand Forty-Six and 04/100 -US Dollars **

Payee Address:
Memo:        C#1:24-CV-00908-RP &  C#1:24-CV-0880DII

WELLS FARGO BANK, N.A.
401 B ST
SAN DIEGO, CA 92101
FOR AUTOMATED CHECK VERIFICATION
CALL: (480) 394-3122

SERIAL #: 0073014143
ACCOUNT#: 4861-511475

November 12, 2024

**$4,046.04**

VOID IF OVER US $ 4,046.04

NON-NEGOTIABLE

Purchaser Copy - Page 1 of 2

FB004 (10/19) M4203  40122430

---

PRINTED ON LINEMARK PAPER - HOLD TO LIGHT TO VIEW - FOR ADDITIONAL SECURITY FEATURES SEE BACK

### CASHIER'S CHECK

0000730 — Office AU #     11-24 — 1210(8)

0073014143

Remitter: DR. JOHN L. PITTMAN III
Operator I.D.: k122537

November 12, 2024

PAY TO THE ORDER OF   ***GORDON REES SCULLY MANSUKHANI***

**Four Thousand Forty-Six and 04/100 -US Dollars **

**$4,046.04**

Payee Address:
Memo:       C#1:24-CV-00908-RP &  C#1:24-CV-0880DII

WELLS FARGO BANK, N.A.
401 B ST
SAN DIEGO, CA 92101
FOR AUTOMATED CHECK VERIFICATION
CALL: (480) 394-3122

VOID IF OVER US $ 4,046.04

CONTROLLER

⑈0073014143⑈  ⑆121000248⑆ 4861 511475⑈